1 | BENJAMIN B. WAGNER
  | United States Attorney
2 | KAREN A. ESCOBAR
  | Assistant United States Attorney
3 | 2500 Tulare St., Suite 4401
  | Fresno, CA 93721
4 | Telephone: (559) 497-4000
  | Facsimile: (559) 497-4575
5 |
  | Attorneys for Plaintiff
6 | United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. Cr 1:12-cr-00221 LJO-SKO |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MARCELINA BOTELLO CHARLES, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendans, by and through her counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for trial confirmation and/or a motions in limine hearing on Monday, July 8, 2013, at 11:00 a.m, and trial on August 6.

2. By this stipulation, the parties now move to continue the trial date until December 10, 2013, at 8:30 a.m. and to exclude time between August 6 and December 10, 2013, and to reset the trial confirmation/motions in limine hearing to November 18, 2013, at 11 a.m.

3. The parties agree and stipulate, and request that the Court find the following:

a. Counsel for the parties desires additional time to review discovery and conduct further investigation. Counsel for the government has determined that there is an issue relating to

1

the production of a CD that contains statements in the Spanish language that is referenced in law enforcement reports as "ND1." That CD purportedly contains recorded statements of the defendants in this case. The government believed that it had produced the CD, since its internal discovery log and letter to defense counsel so indicates. However, unbeknownst to the parties recorded statements of Spanish-speaking defendants in a different case that was indicted several weeks before this case were produced. At that time, the U.S. Attorney's Office (USAO) had widespread issues relating to the duplication of CDs stemming from the acquisition of a new CD tower. When duplicating CDs, USAO support staff inadvertently copied the wrong digital evidence. The CD tower required inputting information in order to properly duplicate new CDs. If that information was not input, the last copied material would be duplicated. Additional time is now needed to obtain the CD in question from the Kern County Sheriff's Office, which maintains the original. Although there is an original copy of a CD in the government's discovery files that may contain the recorded statements of the defendants, that CD does not open. After obtaining the proper CD from Kern County evidence, additional time will be required to translate and review the evidence. In addition, in reviewing the law enforcement reports, it has come to the attention of the parties that drug and non-drug evidence has been submitted to various county forensic and technical specialists for review; however, the results, if any, have not been obtained by the federal case agent. These issues were brought to the federal case agent's attention today upon discovering the pending analyses.

  b.  Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  c.  Counsel for co-defendant Julio Cesar Villanueva-Cornejo is on leave and will be on furlough on July 5, 2013. Counsel for the government is attempting to reach her to obtain her position on the proposed continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 6, 2013, to December 10, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: July 3, 2013.  Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

/s/ Karen A. Escobar
KAREN A. ESCOBAR
Assistant United States Attorney

DATED: July 3, 2013.

/s/ Barbara O'Neill
BARBARA O'NEILL
Counsel for Defendant Marcelina Botello Charles

DATED: July 3, 2013.

/s/ Ann McGlenon
ANN McGLENON
Counsel for Defendant Julio Cesar Villanueva-Cornejo

**O R D E R**

IT IS SO ORDERED..

Date: July 3, 2013

                                                     _/s/ Lawrence J. O'Neill_____
                                                     LAWRENCE J. O'NEILL
                                                     UNITED STATES DISTRICT JUDGE